UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROBERT DEVAN BOOKER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06CV166 |
| | ) | |
| MARC DeSHAIES and BENJAMIN TRUESDALE | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

This matter is before the Court on the *pro se* Plaintiff's October 26, 2006, oral motion for the appointment of counsel supported by the Questionnaire answers he filed on November 8, 2006 (DE # 30).  Having previously taken the oral motion under advisement and having now considered the Plaintiff's answers to the Questionnaire, as well as the record, the motion will be DENIED.

As the Seventh Circuit has repeatedly recounted, whether an attorney should be recruited to represent a *pro se* litigant is a two-step inquiry: given the difficulty of the case, does the plaintiff appear to be competent to try it himself, and if not, would the presence of counsel have made a difference in the outcome?  *Johnson v. Doughty*, 433 F.3d 1001, 1007 (7th Cir. 2006) (citing *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005) (quoting *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993))). If the initial inquiry is answered in the affirmative, the analysis ends, and the motion must be denied.

The present status of the record is revealing.  The Plaintiff, who is no stranger to civil

litigation in this Court[1], filed a cogent complaint seeking damages against these two Defendants for excessive force. Allowed to proceed *in forma pauperis* on his claims, at least in part, the case is relatively straight-forward, and since all of the facts are within the Plaintiff's personal knowledge, little discovery will be required.  It is also note-worthy that the Plaintiff has actively pursued the case, participating appropriately in a preliminary pretrial conference with the undersigned Magistrate Judge at which he commented on the schedule of the case going forward.

It is also instructive that the Plaintiff sought the assistance of three attorneys, and at least two on his list are experienced civil rights attorneys, and both indicated that they "did not want the case."  This circumstance suggests that perhaps the case is problematic, or at least one where an attorney would not make a difference. *Johnson*, 433 F.3d at 1007.

In any event, the Court's review of the record, the Plaintiff's filings, and the personal interaction with the Plaintiff at the scheduling conference, all lead to the conclusion that the Plaintiff is competent to investigate the facts of the case and prosecute it, which after all, is hardly complex or intricate, such that a trained attorney is not necessary.  This conclusion ends the analysis. *Johnson*, 433 F.3d at 1007.

Accordingly, the Motion for the Appointment of Counsel is DENIED without prejudice.  The Plaintiff remains free to attempt to secure counsel on his own.

Enter for November 9, 2006.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

---

[1] Indeed, at the present time, the Plaintiff also has another *pro se* case pending in this Court against two Allen County Jail confinement officers alleging a retaliatory cell assignment.  The October 26, 2006, scheduling conference in this case was held contemporaneously with the scheduling conference held in that case.